**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Linda Aguirre and Norma J. Garcia, as surviving children of Johnny Griego,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>A.P. Green Industries, Inc., et al.,<br><br>　　　　　Defendants. | No. CV-11-1907-PHX-LOA<br><br>**ORDER** |

   This matter is before the Court on Plaintiff's Motion for Expedited Discovery, doc. 5, seeking an order authorizing Plaintiffs to immediately serve discovery requests on non-parties.

**I.  Legal Standard**

   Federal Rule of Civil Procedure 26 provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, **or by court order**." Fed.R.Civ.P. 26(d)(1) (emphasis added). The moving party must show good cause "to warrant the granting of any expedited discovery prior to the Rule 26(f) scheduling conference." *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D.Ariz. 2001); *accord Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D.Cal. 2002).

## II. Analysis

Plaintiffs seek a court order pursuant to Rule 26(d)(1), but fail to show good cause why the Court should grant its motion. Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276 (recognizing "that good cause is frequently found in cases involving claims of infringement and unfair competition"); *Best Western Int'l., Inc. v. Doe*, 2006 WL 2091695, at * 1 (D.Ariz., July 25, 2006) (permitting expedited discovery to identify unknown defendants). Plaintiffs' only argument that the Court should grant their Motion is that they have exercised "diligent efforts" thus far without ascertaining some important information. (Doc. 5 at 3) Indeed, parties are expected to be diligent in their efforts. However, Plaintiffs fail to state any reason why their "diligent efforts" outweigh the prejudice to the Defendants.

Plaintiffs have filed this motion *ex parte*, stating only that they mailed a copy of the motion and complaint to counsel for the various Defendants. In other words, Plaintiffs have not yet complied with Rule 4. *Ex parte* motions are rarely justified. *ACE Am. Ins. Co. v. Keiicmiro*, 2008 WL 2264241, at * 2 (D.Ariz. May 30, 2008) (citing *Yokohama*, 202 F.R.D. at 613). To be justified, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. *Id*. In *ACE American Insurance*, the plaintiff requested its motion be granted "[i]n the interests of expeditiously resolving this matter, minimizing unnecessary litigation expenses, and keeping in mind the interests of judicial economy." *Id*. The District Judge there found no reason to stray from regular noticed motion procedures and denied the plaintiff's motion. *Id*. As with the plaintiff in *ACE American Insurance*, Plaintiffs here have "offered no evidence to indicate that adherence to the procedures contemplated by Rule 4 of the Federal Rules of Civil Procedure would somehow prejudice [their] case or cause undue expense." 2008 WL 2264241, at * 2. Morever, the Court is concerned that granting Plaintiffs' motion at this time might violate Defendants' constitutional due process right to fair notice and an opportunity to be heard.

Based on the foregoing,

1   **IT IS ORDERED** that Plaintiff's Motion to Compel, doc. 5, is **DENIED** without
2   prejudice.
3   Dated this 30th day of September, 2011.

Lawrence O. Anderson
United States Magistrate Judge