**Quarles & Brady** LLP
Firm State Bar No. 00443101
One South Church Avenue
Suite 1700
Tucson, AZ 85701-1621
TELEPHONE 520.770.8700

Jeremy A. Lite (020554)
jeremy.lite@quarles.com
Andrea S. Tazioli (026621)
andrea.tazioli@quarles.com

*Attorneys for Defendant General Electric Co.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Linda Aguirre and Norma J. Garcia, as surviving children of Johnny Griego,<br><br>Plaintiffs,<br><br>vs.<br><br>A.P. Green Industries, Inc., formerly known as A.P. Green Refractories Company, a Pennsylvania Corporation;<br><br>Amchem Products, Inc., a Delaware Corporation;<br><br>Certainteed Corporation, a Delaware Corporation;<br><br>D.B. Riley, Inc., a Massachusetts Corporation;<br><br>Foster Wheeler Corporation, Successor in Interest to Forty Eight Insulations, Inc., a New York Corporation;<br><br>General Electric Company, a New York Corporation;<br><br>Georgia Pacific Corporation, a Georgia Corporation;<br><br>Goulds Pumps, Incorporation, a Delaware Corporation;<br><br>Honeywell International, Inc. f/k/a Allied-Signal, Inc., f/k/a Allied Corporation, Successor to Bendix Corporation; | NO. **2:11-cv-01907-PHX-FJM**<br><br>**GENERAL ELECTRIC COMPANY'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |

QB\300737.00047\15613529.2

| | |
|---|---|
| 1 | Ingersoll Rand Company, a New Jersey Corporation; |
| 2 | |
| 3 | Kaiser Refractories, a Division of Kaiser Aluminum and Chemical Corporation, a Delaware Corporation; |
| 4 | |
| 5 | Owens-Illinois, a Delaware Corporation; |
| 6 | Union Carbide Corporation; a New York Corporation; |
| 7 | Defendants. |

Defendant General Electric Company ("GE"), by and through undersigned counsel and pursuant to Rule 12(b)(6), Fed. R. Civ. P., hereby moves to dismiss Plaintiffs' Complaint against GE in its entirety. Plaintiffs' Complaint -- recycled from the same complaint filed by their decedent Johnny Griego in 2000 and dismissed from the Multidistrict Litigation on April 15, 2010 -- is a textbook example of a complaint lacking factual allegations sufficient to state a cause of action. Under the pleadings standard imposed by Rule 8(a), Fed. R. Civ. P., and recent U.S. Supreme Court decisions, Plaintiffs' Complaint contains only conclusory allegations and fails to identify grounds for their requested relief against GE, or, for that matter, any other defendant. For these reasons, as explained more fully below, the Complaint should be dismissed.

This Motion is supported by the attached Memorandum of Points and Authorities and by the Court's entire record herein.

DATED this 19th day of January, 2012.

>QUARLES & BRADY LLP
>One South Church Avenue, Suite 1700
>Tucson, Arizona 85701-1621
>
>
>By   */s/ Jeremy A. Lite*
>    Jeremy A. Lite
>    Andrea S. Tazioli
>
>*Attorneys for Defendant General Electric Co.*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION AND RELEVANT BACKGROUND**

On September 27, 2011, Plaintiffs Linda Aguirre and Norma J. Garcia (collectively, "Plaintiffs") filed a Complaint as survivors of their father, Johnny Griego. [Complaint, ECF No. 1]. The present Complaint is a nearly word-for-word duplication of a complaint filed by Johnny Griego himself in the Arizona District Court in 2000. [See Complaint in *Griego v. Asbestos Claims Mgmt. Corp., et al.*, No. CIV-00-0677-PHX-RCB, dated April 17, 2000) (hereinafter the "Griego Complaint") (copy attached hereto as Exhibit A)]. The Griego Complaint was transferred to the asbestos Multidistrict Litigation in the Eastern District of Pennsylvania, where it was assigned Case No. 2:09-cv-62494-ER; Griego did not thereafter prosecute his action and it was dismissed without opposition on April 15, 2010. [Order filed April 15, 2010 in MDL 875 (listing Griego Complaint as among those dismissed) (copy attached hereto as Exhibit B)]. Although the present Complaint is a near exact duplicate of the complaint filed by Griego in 2000, one glaring omission by Plaintiffs here is to remove Griego's assertion that he "did not discover that he suffered from this asbestos related disease until May of 1998, nor did he have reason to know of his asbestos related disease until May of 1998." [Griego Complaint, ¶ 5].

In their present, cut-and-paste version of the same Complaint -- arising from injuries Johnny Griego himself claimed to have discovered more than thirteen years ago -- Plaintiffs make only the barest of conclusory allegations against General Electric Company ("GE") and the other named Defendants. Although the Complaint purports to arise from exposure to asbestos-containing products, none are identified. Although the Complaint decries the "wrongful acts" of the defendants, no acts are identified. Although the Complaint names thirteen defendants in its caption, not one is named again in the body of the Complaint. Not even the causes of action are named or identified. The canned allegations in Plaintiffs' Paragraph 20, while factual in nature, are directed to a list of former asbestos manufacturers who are not defendants in this lawsuit. As explained more

fully below, there are no factual allegations in the Complaint that would inform GE, or any other party, why it is a defendant in this lawsuit. Plaintiffs offer no statement of the circumstances, occurrences, or events in support of the claims asserted. Such allegations of fact are required at the pleading stage. As construed by our Supreme Court, the pleading requirement of Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Yet that is all Plaintiffs allege in this case. As such, under controlling law, the Complaint does not show that Plaintiffs are entitled to relief or state a claim in accordance with basic pleading requirements, and it should be dismissed.

## II.  PLAINTIFFS FAIL TO STATE A CLAIM

### A.  Conclusory Allegations Devoid of Factual Content Do Not Suffice to State A Claim Under Rule 8(a) and Rule 12(b)(6)

Rule 8(a) requires the plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." In holding that an antitrust complaint failed to satisfy the requirements of Rule 8(a), the U.S. Supreme Court explained that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and punctuation marks omitted). For this reason, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., 550 U.S. at 555, 127 S.Ct. at 1965. Emphasizing the need for a complaint to make allegations of fact in order to state a claim, the Court observed:

> Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice"' of the nature of the claim, but also "grounds" on which the claim rests. See 5 Wright & Miller § 1202, at 94, 95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it.").

Id., 550 U.S. at 555, n.3, 127 S.Ct. at 1965, n.3. The "no set of facts" standard formerly

articulated in Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99 (1957), was formally rejected by the Court in Twombly. Id., 550 U.S. at 563, 127 S.Ct. at 1969 ("[A]fter puzzling the profession for 50 years, this famous observation has earned its retirement.").

The Supreme Court elaborated on the pleading standard required to survive a motion to dismiss when it met the issue again in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009). First, it should be noted, the Court clarified in Iqbal that "[o]ur decision in Twombly expounded the pleading standard for 'all civil actions.'" 129 S.Ct. at 1953. With that in mind, the Court explained further the basic pleading requirements applicable to all civil actions:

> To survive a motion to dismiss, *a complaint must contain sufficient factual matter*, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. (citations and internal punctuation marks omitted) (emphasis added). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly). Finally, the Supreme Court instructed: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id., 129 S.Ct. at 1950.

This precedent applies as much within the Ninth Circuit as any other. See, e.g., Cook v. Brewer, 637 F.3d 1002 (9th Cir. 2011) (applying Twombly and Iqbal to affirm the Arizona District Court's dismissal under Rule 12(b)(6) of a complaint alleging cruel and unusual punishment in a death penalty case). To the extent Arizona law applies, it is much the same. See Cullen v. Auto-Owners Ins. Co., 218 Ariz. 417, 419, 189 P.3d 344, 346 (Ariz. 2008) ("Because Arizona's courts evaluate a complaint's well-plead facts, mere conclusory statements are insufficient to state a claim upon which relief may be granted."); Aldabbagh v. Dep't of Liquor Licenses, 162 Ariz. 415, 417, 783 P.2d 1207, 1209 (Ariz. Ct. App. 1989) (confirming that "conclusions of law or unwarranted

deductions of fact" are not to be credited when evaluating a motion to dismiss for failure to state a claim).

### B. The Complaint Herein Does Not Meet Basic Pleading Requirements and Must Be Dismissed

Applying this precedent, it is clear Plaintiffs' Complaint fails to meet even the most basic of pleading standards required to state a claim.  Since the Complaint does not identify what causes of action it purports to assert, it is not possible to determine whether it succeeds in setting forth "a formulaic recitation of the elements."  But even if it did, this would not be enough.  Twombly, 550 U.S. at 555, 127 S.Ct. at 1965.

The non-conclusory, factual allegations in the Complaint are essentially limited to revised Paragraph 5, omitting mention of the May 1998 injury discovery date contained in a previous version of the Complaint and asserting only that Griego "was for many years employed as a laborer at various locations in Arizona" and "was exposed to dust from asbestos and asbestos-containing products," which exposure, Plaintiffs assert, reverting to conclusory form, "directly and proximately caused him to develop an asbestos-related disease, cancer."  Complaint ¶ 5 (ECF No. 1).  That's about it.  The Complaint contains nonsensical statements, such as the allegation that asbestos fibers are causing "continuing injury to the Deceased."  Complaint ¶ 13.  It refers to "the aforesaid asbestos and asbestos related products," but no such products are anywhere aforesaid.  Complaint ¶ 16. Although Paragraph 20 contains a factual-seeming diatribe against a number of former asbestos manufacturers that it asserts are "specifically identified below," none of the defendants in this suit, including GE, is among them.  Plaintiffs' references to "defendants" in their Paragraphs 19, 20, and 21 do not refer to Defendants in this action, eliminating their unidentified Count IV on its face.  In fact, neither GE nor any other defendant is identified in any allegation in the Complaint; no product to which Griego was allegedly exposed is identified; no site or circumstances or time period of exposure are alleged; nothing other than canned, "the-defendant-unlawfully-harmed-me" accusations and attempted "formulaic recitations of the elements" inhabit the Complaint.

Attempted recitations of the elements of a claim "are conclusory and are not entitled to be assumed true." Iqbal, 129 S.Ct. at 1951. The most factual content that can be gleaned from the allegations in the Complaint, taking them as true, is that Johnny Griego worked at unidentified locations throughout his career and at some point (prior to May 1998, as he pled previously) contracted an asbestos-related cancer that led to his death -- whereupon his survivors are suing GE and twelve other defendants for no reason apparent from the Complaint. But "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" Id., 129 S.Ct. at 1950 (quoting in part from Rule 8(a)(2)). Notably, in affirming a Rule 12(b)(6) dismissal in Cook, the Ninth Circuit Court of Appeals observed that the plaintiff "does not make any specific allegations about the manufacturing process, formulation, potency, quality, or labeling of the drug at issue here." 637 F.3d at 1006. Contrast that, which occurred in a death penalty case no less, with the total lack of identification of any product by Plaintiffs here, let alone the absence of the more specific factual allegations also missing in Cook.

The law requires more. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 129 S.Ct. at 1950. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id., 129 S.Ct. at 1949. "Rule 8(a) 'contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.'" Twombly, 550 U.S. at 555, n.3, 127 S.Ct. at 1965, n.3 (quoting with approval from Wright & Miller § 1202). The Complaint here fails all of these tests and more. When plaintiffs, through counsel, become too comfortable cutting and pasting boilerplate asbestos claims without discerning and stating an alleged basis in fact for suing the named defendants, they should not be surprised when their cases are dismissed.

1  Indeed, under Arizona law, it is sanctionable conduct to bring a lawsuit "without
2  substantial justification." Ariz. Rev. Stat. § 12-349(A).

3  Plaintiffs' Complaint should be dismissed, and it should be dismissed with prejudice because, among other possible reasons: (i) the claims are woefully stale (Johnny Griego first asserted them himself in 2000, claiming to have discovered his asbestos-related injury in May of 1998); (ii) the first version of the same complaint was dismissed in 2010 after Griego, though still alive and represented by the same counsel appearing for Plaintiffs now, took no action on it for a decade; and (iii) Plaintiffs here, although represented by counsel, have failed to state a claim against the named defendants in their amended Complaint, or even to make any credible effort to do so.  Reprising stale asbestos lawsuits in the Arizona District Court seems to be something of an unfortunate trend.  See, e.g., Leabo v. Allied Signal, Inc., CV 00-1527 PHX-PGR, 2011WL3489604 (D. Ariz. 2011) (slip copy) (rejecting plaintiffs' effort to relitigate an asbestos lawsuit in the Arizona District Court after it was previously dismissed).  The alarming tendency of plaintiffs to take their claims out for another ride in the Arizona District Court should be rejected in no uncertain terms.  This forum should not serve that aim.

## III.  CONCLUSION

For the reasons set forth herein, and pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, GE respectfully requests that the Court dismiss Plaintiffs' Complaint in its entirety with prejudice.

RESPECTFULLY SUBMITTED this 19th day of January, 2012.

QUARLES & BRADY LLP
One South Church Avenue, Suite 1700
Tucson, Arizona 85701-1621


By   */s/ Jeremy A. Lite*
      Jeremy A. Lite
      Andrea S. Tazioli

*Attorneys for Defendant General Electric Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2012, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel identified on the Court-Generated Notice of Electronic Filing for this matter.

*/s/ Donna Marie Reid*