**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Linda Aguirre; Norma J. Garcia, | CV 11-01907-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Amchem Products Inc.; Certainteed Corp.; DB Riley Inc.; Foster Wheeler Corp.; General Electric Co.; Georgia Pacific Corp.; Goulds Pumps Inc.; Honeywell International Inc.; Ingersoll-Rand Co.; Owens-Illinois Inc.; Union Carbide Corp., | |
| Defendants. | |

The court has before it defendant General Electric's ("GE") motion to dismiss (doc. 46), plaintiffs' response (doc. 86), and GE's reply (doc. 92). All other defendants joined in the motion to dismiss.[1] We also have before us plaintiffs' second motion for expedited discovery (doc. 64), GE's response (doc. 75), and plaintiffs' reply (doc. 91).[2] Although

---

[1] Joining are Goulds Pumps (doc. 50), DB Riley (doc. 59), Amchem Products (doc. 68), Certainteed (doc. 69), Union Carbide (doc. 70), Owens-Illinois (doc. 74), Ingersoll-Rand (doc.76), Honeywell (doc. 77), Georgia Pacific (doc. 80), and Foster Wheeler (doc. 88).

[2] The following defendants joined in GE's response: Ingersoll-Rand (doc. 78), Honeywell (doc. 79), Georgia Pacific (doc. 81), Certainteed (doc. 82), Amchem Products (doc. 83), Union Carbide (doc. 84), Owens-Illinois (doc. 85), DB Riley (doc. 87), and Foster Wheeler (doc. 89).

defendants originally objected to plaintiff's motion, the parties recently filed a stipulation asking us to permit plaintiffs to conduct early discovery and reschedule the Rule 16 scheduling conference, which is currently set for March 16, 2012 (doc. 101).

**I**

Plaintiffs are the children of Johnny Griego, who died on October 11, 2010. Griego worked as a laborer in Arizona for several years. Plaintiffs filed this action on September 27, 2011, alleging that defendants sold or distributed asbestos products, and that Griego's exposure to dust from asbestos products caused him to develop cancer and die. Plaintiffs assert five counts for relief. The counts are not identified, but appear to be claims relating to failure to test and to warn; products liability; allegations of conspiracy; and breach of warranty.

**II**

Defendants move to dismiss the complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. Plaintiffs filed their response two days late without first requesting an extension of time. Defendants object to the late filing, but do not argue that they have been prejudiced by the delay. We grant plaintiffs' request for leave to file their response after the deadline *nunc pro tunc*.

When considering a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., we accept well-pleaded facts as true and "construe the complaint in the light most favorable to the plaintiff." Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). A claim is facially plausible if the facts pled permit a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009). If a complaint's allegations are merely consistent with liability, it stops short of being plausible. Id. at __, 129 S. Ct. at 1949. Defendants contend that the complaint fails under Twombly and Iqbal. They argue that the causes of action are not identified, the only factual allegations in the complaint refer to companies that are not defendants, and no information

1  regarding the time period, location, or objects of Griego's exposure is provided.

2  Plaintiffs argue that their allegations that each defendant placed asbestos products into
3  the stream of commerce and that Griego was exposed to these products, developed cancer,
4  and died render their claims plausible.[3] Plaintiffs argue that requiring more facts as to "when,
5  where and how" Griego was exposed to asbestos "would improperly impose burdensome and
6  hyper-technical requirements." Response at 5. We disagree. Although Rule 8, Fed. R. Civ.
7  P. does not require plaintiffs to plead every single factual detail, it nevertheless demands that
8  plaintiffs present enough information to "permit the court to infer more than the mere
9  possibility of misconduct." Iqbal at __, 129 S. Ct. at 1950.  Plaintiffs' complaint is factually
10 threadbare.  They allege that their father worked as a laborer "at various locations" in
11 Arizona "for many years." Compl. at ¶ 5.  They do not provide any additional detail, such
12 as what industries he worked in, what types of activities he performed, or even during what
13 decades their father worked.  Plaintiffs allege that defendant Owens-Illinois did not advise
14 purchasers that its product, Kaylo, caused asbestosis in animals. Id. at ¶ 10(i).  But plaintiffs
15 do not allege any link between Kaylo and Griego, and do not allege in their complaint that
16 Griego developed asbestosis. See id. at ¶ 5 (exposure to asbestos caused Griego "to develop
17 an asbestos-related disease, cancer").

18 Without any facts suggesting a temporal or geographic link between the asbestos
19 products that Griego was exposed to and the asbestos products manufactured and sold by
20 defendants, we cannot draw a reasonable inference that defendants - as distinguished from
21 any other asbestos manufacturers - are liable for Greigo's death. See Iqbal at __, 129 S. Ct.
22 at 1949.  Although the facts pled are arguably consistent with liability, they stop short of
23 being plausible. See id.; see also Bulanda v. A.W. Chesterton Co., 11-C-1682, 2011 WL
24 2214010, at *2 (N.D. Ill. June 7, 2011) (plaintiff's allegations that defendants sold asbestos
25 products that caused decedent's death failed to state a claim for products liability and

26

---

27
28  [3] Plaintiffs also argue that their action is timely. Because defendants did not argue that the complaint was untimely, we do not address the issue of timeliness here.

- 3 -

1  wrongful death when the complaint only stated the names of two places decedent worked and
2  the years he worked there).

3        Plaintiffs' fourth count pleads facts outlining a conspiracy to cover up information
4  regarding the hazards of asbestos. Compl. at ¶¶ 18-21. Although plaintiffs make reference
5  to various corporations and individuals within this count, and claim that Griego "was exposed
6  to the asbestos products manufactured by one or more of the [d]efendants named in
7  paragraph 20," id. at ¶ 19, none of the "defendant conspirators" named in this paragraph
8  were sued by plaintiffs. Plaintiffs have not alleged any link between the actions of these
9  conspirators and the defendants they chose to sue. Thus, plaintiffs have also failed to state
10 a plausible claim for relief in count four.

11       In sum, plaintiffs' complaint includes nothing more than "a sheer possibility" that
12 defendants acted unlawfully. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949. The accusations fall
13 short of the plausibility required to survive a Rule 12(b)(6) motion to dismiss. Id.

### III

15       Plaintiffs request leave to file an amended complaint. They have not filed a formal
16 motion, but instead make their request within their response to the motion to dismiss. Under
17 Rule 15(a)(2), Fed. R. Civ. P., a party may only amend its complaint, other than as a matter
18 of course, with an opposing party's written consent or with the court's leave. LRCiv 15.1
19 provides that a party seeking leave to amend must attach a copy of the proposed complaint
20 to the motion. An amendment must not prejudice an opposing party, be sought in bad faith,
21 produce undue delay, or be futile. AmerisourceBergen Corp. v. Dialysist West, Inc., 465
22 F.3d 946, 951 (9th Cir. 2006). Here, plaintiffs have not properly sought leave to amend
23 because they have not filed a motion attaching a copy of the proposed amended pleading.
24 See LRCiv. 15.1. Absent that, we cannot evaluate whether amendment would be futile.

25       Plaintiffs also move for expedited discovery in this case to discover the cause of
26 Griego's death. They renew a previous motion seeking pre-service discovery that was denied
27 without prejudice by the magistrate judge (doc. 7). The parties stipulate to allow plaintiffs
28 a period of sixty days to conduct limited discovery into the cause of decedent's death.

1    Given that the parties have stipulated to permit early discovery and that plaintiffs seek
2 an opportunity to amend their complaint, we grant plaintiffs' motion for expedited discovery
3 and dismiss the complaint without prejudice.  Plaintiffs shall file a motion to amend the
4 complaint in accordance with the schedule set forth below.

**IV**

6    **IT IS ORDERED GRANTING** General Electric Company's motion to dismiss (doc.
7 46).  The complaint is dismissed against all defendants without prejudice.

8    **IT IS ORDERED GRANTING** plaintiffs' motion for expedited discovery pursuant
9 to stipulation (doc. 64). Plaintiffs may immediately commence discovery limited to the cause
10 of death of the decedent, Johnny Griego.  This limited period of discovery will close on May
11 11, 2012.

12    Plaintiffs shall have up to and including May 25, 2012 to file a motion to amend the
13 complaint that complies with LRCiv 15.1.  If a motion to amend is not timely filed, this
14 action shall be dismissed with prejudice.

15    **IT IS FURTHER ORDERED CONTINUING** the Rule 16 scheduling conference
16 set for March 16, 2012 to July 13, 2012 at 2:00 p.m.

17    DATED this 7th day of March, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge